**Edward Tyrone FARLEY, Plaintiff,**

v.

**Dr. John DOE, et al., Defendants.**

**Civ. A. No. 93–6898.**

United States District Court, E.D. Pennsylvania.

Dec. 30, 1993.

---

Edward Tyrone Farley, pro se.

### MEMORANDUM

ROBRENO, District Judge.

Plaintiff has filed a *pro se Bivens* -type action [1] against a doctor and the Warden at the Federal Correctional Institution at Schuylkill. Plaintiff is alleging, in essence, that he did not receive effective medical treatment for a back injury.

With his complaint, plaintiff filed a request for leave to proceed *in forma pauperis.* As it appears he is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted.

 To make a colorable claim of medical treatment so inadequate that it violates the Eighth Amendment's prohibition against cruel and unusual punishment, plaintiff must allege not mere "inadvertent failure to provide adequate medical care," but "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104–105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). When a physician exercises professional judgment, his behavior does not violate a prisoner's constitutional rights. *Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990). Plaintiff's statement of claim indicates that he was provided with extensive medical treatment. Plaintiff states that he injured his back on May 14, 1993, while playing basketball at the prison. He signed up for sick call and was given x-rays and medication on May 17, 1993. During the next few weeks, he continuously reported to the medical department and was given more medication. Finally, on June 25, 1993, he was taken to a hospital where he received an operation on his back. Since plaintiff received medical treatment, albeit not entirely to his liking, it does not appear that his constitutional rights have been violated. Accordingly, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(d).

An appropriate Order follows.

### ORDER

AND NOW, this 30th day of December, 1993, it appearing that plaintiff is unable to prepay the costs of commencing this suit pursuant to 28 U.S.C. § 1915(a), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED;** and

2. This complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(d).

AND IT IS SO ORDERED.

---

1. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a direct cause of action under the Constitution against federal officials for their role in the violation of constitutional rights.